**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DONNA TRAPANI,

    Petitioner,                               Civil No. 04-CV-72821-DT
                                                    HONORABLE ARTHUR J. TARNOW
v.                                                    UNITED STATES DISTRICT JUDGE

CLARICE STOVALL,

    Respondent,
_____/

**OPINION AND ORDER GRANTING CERTIFICATE OF APPEALABILITY
AND LEAVE TO APPEAL IN FORMA PAUPERIS**

On January 17, 2006, the Court denied petitioner's application for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On March 16, 2007, this Court issued an order granting petitioner the right to re-open her appeal. Petitioner has now filed a motion for a certificate of appealability and a motion for leave to appeal *in forma pauperis*. For the reasons stated below, the Court will GRANT the motions for a certificate of appealability and for leave to appeal *in forma pauperis.*

An appeal may not be taken from the final order of a district court denying a motion filed pursuant to 28 U.S.C. § 2254 unless a certificate of appealability (COA) issues. 28 U.S.C. § 2253(c)(1)(A). In order to issue a certificate of appealability, the district court must find that the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are

1

adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003).

As an initial matter, this Court notes that petitioner was convicted of first-degree murder, which carries a mandatory sentence of life without parole, and conspiracy to commit first-degree murder, which also carries a life sentence. Any doubt regarding whether to grant a COA from the denial of a petition for federal habeas relief is resolved in favor of the habeas petitioner, and the severity of the penalty may be considered in making that determination. *See Newton v. Dretke,* 371 F. 3d 250, 253 (5th Cir. 2004). Any doubts regarding the issuance of a COA in this case should be resolved in petitioner's favor, in light of the nonparolable life sentence that she is serving. The Court, will, however, briefly address each of petitioner's claims.

### A. The Confrontation Clause claim.

Petitioner first claimed that the trial court erred in admitting certain extrajudicial statements that did not properly qualify for admission under the co-conspirator exception to the hearsay rule.

The Court rejected the claim, finding that the extrajudicial statements qualified for admission under the co-conspirator exception to the hearsay rule. The Court further found that any error in the admission of these out-of-court statements would have been harmless error at the most.

The Court will nonetheless grant petitioner a certificate of appealability on her Confrontation Clause claim, because jurists of reason could debate this Court's resolution of the claim. *See e.g. Lave v. Detke,* 416 F. 3d 372, 378-79 (5th Cir. 2004).

**B. The ineffective assistance of counsel claims.**

In her second claim, petitioner contended that she was deprived of the effective assistance of trial counsel. The Court rejected these claims, for reasons stated in greater detail in its opinion and order denying habeas relief.

A habeas petitioner's ineffective assistance of counsel claim must make a substantial showing of the denial of a constitutional right so as to justify the issuance of a certificate of appealability. *See Skaggs v. Parker*, 235 F. 3d 261, 266 (6th Cir. 2000). Because jurists of reason would find the Court's resolution of petitioner's ineffective assistance of counsel claims to be debatable, the Court will grant a certificate of appealability with respect to petitioner's ineffective assistance of counsel claims. *See Petrocelli v. Angelone,* 248 F. 3d 877, 887 (4th Cir. 2001).

**C. The claim that petitioner's statement was obtained in violation of her right to counsel.**

In her final claim, petitioner alleges that the police continued to interrogate her at her house after she had requested counsel. The Court rejected petitioner's claim, because she was not subjected to custodial interrogation in this case. The Court further found that the admission of petitioner's statement was harmless error at the most. Nonetheless, because jurists of reason could debate this Court's resolution of petitioner's claim that the police continued to interrogate her after she had invoked her right to counsel, petitioner is entitled to the issuance of a certificate of appealability on

*Trapani v. Stovall,* 04-72821-DT

this claim. *See Hopper v. Dretke,* 106 Fed.Appx. 221, 231 (5th Cir. 2004).

The Court will also grant petitioner leave to appeal *in forma pauperis* (IFP). A court may grant IFP status if the Court finds that an appeal is being taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a); *Foster v. Ludwick*, 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002). Because this Court is granting a certificate of appealability, this Court does not find that petitioner's appeal was not undertaken in good faith and will grant her request for leave to appeal *in forma pauperis*.

Based upon the foregoing, IT IS ORDERED that the motion for a certificate of appealability [Dkt. Entry # 40] is **GRANTED** with respect to all three claims in the petition**.**

**IT IS FURTHER ORDERED** that the motion for leave to appeal *in forma pauperis* [Dkt. Entry # 43] is **GRANTED.**


s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: May 29, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 29, 2007, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Judicial Secretary